# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERESA HOMESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0610-HE |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Teresa Homesley filed this action seeking long-term disability benefits under the U.S. Foodservice, Inc. Group Disability Income Insurance Plan ("the Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. US Foodservice, plaintiff's former employer, is the plan sponsor and administrator. Plan benefits are provided by a group policy issued by Hartford Life and Accident Insurance Company ("Hartford").[1] Hartford administers claims for plan benefits. Plaintiff alleges she became disabled due to multiple medical complications and initially was paid disability benefits. She claims defendants then arbitrarily and capriciously terminated her benefits and has sued to have them reinstated. Defendants Hartford and the Plan have filed a motion for summary judgment seeking the dismissal of plaintiff's claim on the ground it is barred by the Plan's limitation of actions

---

[1]*The policy funding long term disability benefits under the Plan was originally issued by Continental Casualty Company ("CCC"). Hartford purchased CCC's group disability business in 2003, and assumed CCC's rights and obligations under the group policy. Since the acquisition Hartford has insured Plan benefits and administered benefit claims.*

clause. The court concludes defendants' motion should be granted.[2]

Background[3]

In 2000, while employed by U.S. Foodservice and enrolled as a participant in the Plan, plaintiff filed a claim for long term disability benefits. She asserted she was disabled due to "multiple medical complications including severe cervical stenosis, severe degenerative disc and facet disease, severe cervical spondylosis, severe multi level formaninal stenosis, lupus, migraine headaches, and shoulder dysfunction." Complaint, ¶22. Hartford approved her claim on July 18, 2000, and plaintiff began receiving benefits under the Plan's "Own Occupation" disability definition. A participant's eligibility for benefits under that standard depends in part on his or her being "continuously unable to perform the *Material and Substantial Duties* of [his or her] *Regular Occupation*." Defendants' Exhibit A, Bates No. 000016.[4] After an participant has received long term disability benefits for 24 months the eligibility test changes. To continue to receive benefits the participant must, because of injury or sickness, be "continuously unable to engage in any occupation for which [he or she] [is] or become[s] qualified by education, training or experience." *Id.* (emphasis added).

Plaintiff exhausted the 24 months of "Own Occupation" long term disability benefits

---

[2]*Plaintiff's gratuitous comments about defendants and their arguments in plaintiff's brief are inappropriate and detract from her brief.*

[3]*With the exception of the applicable limitations period and the date the period commenced, plaintiff agreed to defendants' factual assertions for purposes of defendants' motion for summary judgment. Plaintiff's response, p. 3, ¶ 4. The facts have been taken from defendants' Statement of Facts.*

[4]*The court will cite to Bates numbers to identify pages in defendants' exhibits.*

on July 18, 2002. Hartford continued to pay her benefits under the "Any Occupation" standard, "subject to Hartford's ongoing claim review process." Defendants' motion, p. 4.

Pursuant to the Plan's Continuing Proof of Disability provision, Hartford could ask a participant to submit proof within thirty days that he or she continued to be disabled.[5] By letter dated November 15, 2004, Hartford informed plaintiff that it needed additional information regarding her long term disability claim. She was asked to complete a Claim Authorization and Disability Claim Form.[6] Hartford received the completed form, dated November 22, 2004, from plaintiff and continued to pay her benefits until June 18, 2005. By letter dated June 9, 2005, Hartford advised plaintiff it had completed its review of her claim and determined she no longer met the policy definition of disability. Hartford terminated her long term disability benefits effective 6/18/05.

Plaintiff, through counsel, appealed Hartford's denial of her claim for continuing benefits by letter dated October 24, 2005. Hartford informed plaintiff by letter dated February 23, 2006, that "Appeal's finds the previous decision of June 9, 2005, to be correct and proper." Defendants' Exhibit F, Bates No. 000120. Plaintiff was advised of her right to bring a civil action under Section 502(a) of ERISA to challenge Hartford's decision. She filed this action on June 8, 2010.

---

[5]*The provision states that "[r]equests of this nature will only be as often as We feel reasonably necessary." Defendants' Exhibit A, Bates No. 000021.*

[6]*It appears from the November 15, 2004, letter that plaintiff had been sent a Claim Authorization form on October 27, 2004, but had not returned it. Hartford advised plaintiff that she had 10 days to submit the form or else her benefits might be disrupted. Defendants' Exhibit B.*

Analysis

Hartford contends plaintiff's action is untimely because it was filed more than three years after plaintiff's deadline for submitting proof of her continuing disability. Hartford relies on the Plan provisions pertaining to "Legal Actions" and "Continuing Proof of Disability," which state:

> **Legal Actions**
> No legal action of any kind may be filed against *Us*:
> 1. within the 60 days after proof of *Disability* has been given; or
> 2. more than 3 years after proof of *Disability* must be filed, unless the law in the state where *You* live allows a longer period of time.
>
> **Continuing Proof of** *Disability*
> *You* may be asked to submit proof that *You* continue to be Disabled and are continuing to receive *Appropriate and Regular Care* of a *Doctor*. Requests of this nature will only be as often as *We* feel reasonably necessary. If so, this will be at *Your* expense and must be received within 30 days of *Our* request.

Defendants' Exhibit A, Bates No. 000022, 000021.[7]

Defendants assert the limitations period began on December 15, 2004, thirty days after it requested proof of continuing disability. They contend plaintiff had until December 15, 2007, approximately one year and ten months after she exhausted the administrative appeals process, to commence this action. They claim the three year limitation of actions clause "is a statutorily mandated term that is required to be included in the policy form in order for it

---

[7]*Because ERISA does not include a limitations provision for benefit claims under 29 U.S.C. §1132(a), courts generally look to the most analogous state statute of limitations. Salisbury v. Hartford Life & Accident Co., 583 F.3d 1245, 1247 (10th Cir. 2009) However, as "'[a]n ERISA plan is nothing more than a contract, in which parties as a general rule are free to include whatever limitations they desire, id. (quoting Northlake Regional Med. Ctr. v. Waffle House Sys. Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir.1998)), the Tenth Circuit has held "reasonable ERISA-plan limitations periods are enforceable." Id.*

4

to be sold in Oklahoma." Defendants' motion, p. 8. Defendants argue that because the three year term is required by 26 Okla. Stat. §4405(A)(11),[8] and because Oklahoma does not have a specific limitations statute for claims asserted under disability insurance policies, Oklahoma does not "allow[] a longer period of time" for a Plan participant to file suit.

Plaintiff responds that her suit was timely because the limitations period began to run on June 18, 2005, the date defendants withheld or denied benefits, and because the applicable limitations period is five, not three, years. She contends defendants ignore Plan language expressly authorizing a longer limitations period when the participant lives in a state, such as Oklahoma, that "allows a longer period of time." She claims defendants' reliance on §4405(A)(11) is misplaced because the statute does not apply to group insurance plans.

Commencement date of limitations period

Plaintiff claims the five year statute began to run on June 18, 2005, when the contract allegedly was breached. Under her interpretation of the policy language, the proof of disability filing triggers the limitations period only if the contractual, three year limitation period applies. Otherwise, plaintiff argues, then "it would be quite possible for an insurer to issue a demand for proof of disability and simply wait three years and one month to [sic] before deciding to terminate payments." Plaintiff's response, p. 12. That scenario generally

---

[8] *Section 4405(A)(11) of Title 36 Okla. Stat., provides that every accident and health policy delivered in Oklahoma shall contain the following provision: " LEGAL ACTIONS: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty (60) days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three (3) years after the time written proof of loss is required to be furnished."*

5

would not occur, though, due to the time limits set by ERISA for administrative decisions on long term disability benefit claims. *See* 29 C.F.R. § 2560.503-1(f)(3), (h)(3)(i),(h)(4),(i)(3). The contractual limitations period also would not be applied in such a situation because it would not be reasonable. *See* Salisbury v. Hartford Life & Accident Co., 583 F.3d 1245, 1247-48 (10th Cir. 2009).

"The Supreme Court has directed us to interpret an ERISA plan like any contract, by examining its language and determining the intent of the parties to the contract." Capital Cities/ABC, Inc. v. Ratcliff 141 F.3d 1405, 1411 (10th Cir. 1998). "[A] reasonable person in the position of the plan participant ... would have understood the words [in the Legal Action clause] to mean," Salisbury, 583 F.3d at 1248, that, regardless of the applicable limitations period, it commences on the date by which the proof of disability must be filed. *See generally id.* at 1248-49 (court rejected argument that plan's limitations period, triggered by proof of loss due date and not date of exhaustion of administrative review process, was unenforeceable because claim accrued before appeal process ended). Under the unambiguous terms of the Plan, the limitations period commenced on December 15, 2004.[9]

Limitations period

The crux of defendants' argument is that 36 Okla. Stat. §§ 4405(A)(11) and 4505 "mandate that group benefit policies, such as the one at issue here, include a provision specifying a three-year contractual limitations period, running from the time proof of loss is

---

[9]*Plaintiff does not dispute that December 15, 2004, was the filing date for proof of disability.*

required to be furnished." Defendants' reply, p. 9. While defendants acknowledge that §4405(A)(11) applies to individual disability policies, they argue that 36 Okla. Stat. § 4505 requires that group insurance policies contain a similar limitations provision. The court disagrees with their interpretation of § 4505. The statute provides:

> The provisions of Article 44 (Individual Accident and Health Insurance) shall not apply to group accident and health or blanket accident and health insurance policies, but no such policy of group or blanket accident and health insurance shall contain any provision relative to notice or proof of loss, or to the time for paying benefits, or to the time within which suit may be brought on the policy, which is less favorable to the individuals insured than would be permitted by the standard provisions required for individual accident and health insurance policies.

Section 4505 does not mandate that group health policies contain a limitations provision similar to that found in § 4405(A)(11). Rather, it precludes them from including a provision that is more restrictive than that required pursuant to § 4405(A)(11) for individual health policies. *See* 36 Okla. Stat. § 4411(3).

As a three year period is not mandated by state law, the question becomes whether plaintiff is correct that Oklahoma law provides a longer limitations period than three years. She relies on <u>Wright v. Southwestern Bell Telephone Co.</u>, 925 F.2d 1288 (10th Cir. 1991), in which the Tenth Circuit held that (in the absence of a valid contractual limitations period) Oklahoma's five-year statute of limitations on written contracts applies to an ERISA action for benefits.[10] Defendants argue that "[b]ecause the Plan's limitations period is measured

---

[10]*Although defendants describe the ERISA plan's limitation of actions clause in <u>Salisbury</u>, as being nearly identical to that present here, it is distinguishable in one significant respect – it did*

7

from the time 'proof of *Disability* must be filed,' the exception is specifically intended for use in states that allow insureds *suing on a disability policy* a 'longer period of time' in which to bring suit after proof of disability must be filed." Defendants' reply, p. 7. Since Oklahoma's general statute of limitations for written contracts does not refer to disability insurance or proof of disability, defendants contend that statute is not incorporated into the Plan.[11]

Defendants claim their interpretation of the contract language is supported by White v. Metropolitan Life Ins. Co., 2011 WL 682893 (5th Cir. 2011) (per curiam) (unpublished). However, the pertinent contact language in White is dissimilar. The ERISA plan in that case provided that no legal action could be filed "'more than three years after proof of Disability must be filed. This will not apply if the law in the area where you live allows a longer period of time to file proof of Disability.'" *Id.* at *1. To reach the result defendants seek here, the Plan would have had to include language to the effect that the limitations period was three years "unless the law in the state where *You* live allows a longer period of time <u>to sue to recover disability benefits</u>." Defendants cite no pertinent authority – statutory or case – that supports their contention that the limitations period for plaintiff's claim was three years. In

---

*not include the "unless the law in the state ... allows a longer period of time" language.* <u>Salisbury</u>, *583 F.3d at 1248.*

*[11]Defendants argue that if plaintiff's position is accepted, then the Plan's limitations period would be a nullity because the statutes of limitation for breach of contract in 42 states is longer than three years. However, if the clause is construed as defendants propose, the "unless the law in the state ...." language must be ignored. Contrary to defendants' assertion, interpreting the provision as they suggest does not "give[] meaning to the entirety of the Plan's limitation of actions provision." Defendants' sur-sur-reply, p. 2.*

fact, several courts have held to the contrary.

In Harris v. The Epoch Group, L.C., 357 F.3d 822 (8th Cir. 2004) the plaintiff sued when his claim for health benefits under an ERISA plan was denied. The district court dismissed his lawsuit as time-barred and he appealed, presenting "simply a matter of straightforward contract interpretation." *Id*. at 825. The Eighth Circuit had to determine "what the parties meant when they said the limitations period was "three years ... or such longer period as required by applicable state laws." *Id*. The plan and its administrator contended the phrase referring to state laws was mere surplusage. They claimed there were no "applicable" state laws because the health plan was governed by ERISA and federal law. The appellate court disagreed, concluding that the phrase meant exactly what it said:

> The plan says three years, or longer if required by state law. Thus, the parties intended to give plan participants a minimum of three years within which to bring suit, even if state law might provide for a shorter period. But if state law provided for a longer period, plan participants got the benefit of the longer period.

*Id.* The court then applied Missouri's ten year statute for "[a]n action upon any writing ... for the payment of money or property." Mo.Rev.Stat. § 516.110(1). [12] Following Harris, the

---

[12]*The Eighth Circuit had held previously held that Mo.Rev.Stat. § 516.110(1) was "the most analogous statute of limitations under Missouri law for a claim for ERISA benefits." Harris, 357 F.3d at 825 (citing Johnson v. State Mut. Life Assurance Co. Of Am., 942 F.2d 1260, 1266 (8th Cir. 1991). The court recognizes that Harris is distinguishable in several respects. The Eighth Circuit concluded that because the ERISA plan in that case was self-funded, Harris' claim for benefits "more resemble[d] a straightforward contract action than a claim for benefits under an insurance policy." Id. at 827. Also, in Missouri, group health insurance policies (rather than individual policies as in Oklahoma) were required "to include a provision stating 'that no action at law or in equity shall be brought to recover on the policy ... unless brought within three years from the expiration of the time within which proof of loss is required by the policy.'"). Id. at 826. The court does not find that these differences mandate a different analysis or conclusion.*

9

court in Tinker v. Versata, Inc. Group Disability Income Ins. Plan, 2008 WL 781971 (E.D.Cal. 2008), concluded that California's statute of limitations for suits on written contracts applied to a lawsuit for disability benefits under a plan which provided that "No legal action of any kind may be filed against Us: ... more than 3 years after proof of Disability must be filled [sic], *unless the law in the state where You live allows a longer period of time*." *Id.* at *1, n.6.

As defendants note in their motion, the court does not have discretion to redraft ERISA plan terms. It must enforce the Plan's limitations provision as written. The court concludes the unambiguous terms of the Plan allowed plaintiff to bring suit within five years of December 15, 2004, the date she had to submit proof of her continuing disability. Plaintiff's action, filed after December 15, 2009, was untimely.

Accordingly, defendants' motion for summary judgment is **GRANTED**. Judgment will be entered once the case is concluded with respect to all issues. Fed.R.Civ.P. 54(b). The parties are directed to confer regarding defendants' counterclaim and advise the court by an appropriate filing within **ten (10) days** as to whether an agreed disposition of that claim can be reached.

**IT IS SO ORDERED**.

Dated this 1st day of July, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE